McDowell County National Bank, *Committee, etc. v.* Compensation Commissioner, *et al.*

(No. 7553)

Submitted February 14, 1933.   Decided February 21, 1933.

*England & Ritchie,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

Woods, Judge:

McDowell County National Bank, as committee for U. S. Justice, an insane person, seeks a writ directing the compensation commissioner (1) to set aside an order of February 6, 1933, as being without warrant of law; and (2) to pay certain installments now due under the life award, sought to be annulled by the order aforesaid.

Justice, a lumberman, was injured December 19, 1927, by a lick on the head from a falling tree, and was paid compensation for five and two-sevenths weeks; about a year later, Justice was adjudged insane and committed to the hospital at Spencer.   The relator was thereupon appointed, and qualified, as committee.   The claim was reopened at the latter's instance; an investigation had upon the issue of whether the lick on the head was the cause of the insanity; and a life award entered on July 17, 1931.   The employer, who had

notice of the investigation, as well as the award, did nothing until the latter part of August, 1931, when it requested a reopening of the claim. The request was granted September 11, 1931, and on February 6, 1933, the order complained of was entered.

The petition for mandamus rests upon the theory that the employer is bound by the finding of July 17, 1931, no objection having been made within ten days; and, that the evidence introduced by said employer is merely cumulative on the issue before the commissioner at the time the award was made.

In the case of *Lane* v. *Commissioner*, 112 W. Va. 205, 164 S. E. 24, Judge Hatcher, speaking for the court, said: "We have repeatedly held, as Code 1931, 23-5-1, provides, that ordinarily an award of the commissioner becomes final after ten days' notice to the interested parties, if not objected to. That holding is subject to this exception; the case may be reopened after the ten-day period when facts are disclosed which are not cumulative, have not theretofore been considered by the commissioner, and present an entirely different situation."

If the employer had a defense, then it was its duty to make timely objection to the award, and to have adduced evidence to counteract that submitted on behalf of the committee. The fact that the lick on the head was the exciting cause of Justice's present condition has been settled once and for all, in the absence of fraud. And no such contention was advanced on the hearing before the commissioner. The commissioner's ruling is clearly without warrant of law, and therefore void and of no effect. *Lane* v. *Commissioner, supra; Johnson* v. *Commissioner*, 109 W. Va. 316, 154 S. E. 766.

We note in the answer and return, however, that the respondent questions the right of the committee to receive payments under the award, and requests said committee to explain what it has done with the money coming into its hands. The reply of the relator, without complying, states that it is not required to explain, since it is under bond and is presumed to act according to law. We are of opinion that the commissioner is entitled to the information sought, and for that reason, deny the writ, with leave to relator to make a proper disclosure.

*Writ denied.*